# PD-1364-15

## PETITION FOR DISCRETIONARY REVIEW

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

No. 10-13-00416-CR

| | |
|---|---|
| John David Waguespack | Appellant |

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

V

The State of Texas                     Appellee

From the 19th District Court McLennan County, Texas Trial No. 2012-46-C1 and the Tenth Court of Appeals

Appellant's Trial Attorney          Mr. Jonathan Sibley
                                    1105 Wooded Acres, Suite 200
                                    Waco, Tx 76710

Appellant's Appeal Attorney         Ms. Brittany L. Lannen
                                    P.O. Box 438
                                    Valley Mills, TX 76689

State's Trial Attorneys             Ms. Amanda Dillon
                                    Ms. Gabriel Massey

State's Appeal Attorneys            Abelino Reyna
                                    Sterling Harmon
                                    219 N. 6th St. Suite 200
                                    Waco, Tx 76701

# TABLE OF CONTENTS:

ORAL ARGUMENT 2

CASE SUMMARY 2

PROCEDURAL HISTORY 2

INDEX OF AUTHORITIES 3

GROUNDS FOR REVIEW 4
- Was extraneous offense harmful?
- Does 404(b) require appellant to prove harm?
- Does the court have responsibility to expose egregarious harm?

ARGUMENTS 5

PRAYER FOR RELIEF 7

1

## ORAL ARGUMENT:

The appellant does not wish for oral argument unless one is granted at the request of the State.

## CASE SUMMARY:

Appellant pled not guilty, but was subsequently found guilty, of sexual Assault. The victim was a twenty-two year old girl with whom appellant had previously had consensual sex with before. Appellant was sentenced by the same jury that found him guilty to Life in prison. The charge was enhanced by a prior Arson case in 2006.

## PROCEDURAL HISTORY:

| | |
|---|---|
| Appellate Sentenced and moved to appeal: | 11-19-2013 |
| Judgement of Trial Court Affirmed | 06-18-2015 |
| Pro Se Motion for Rehearing filed | 08-13-2015 |
| Pro Se Motion for en banc Reconsideration | 09-08-2015 |
| Pro Se Motion for Extension of Time for PDR | 10-26-2015 |
| Case reviewed and Reaffirmed by 10th Court of Appeals | 11-16-2015 |

2

# INDEX OF Authorities:

Abdnor v State  871 S.W.2d 726 (Tex Crim App 1994)                                  5

Allen v State  202 S.W.3d 364 (Tex. App.-Fort Worth 2006 pet.ref'd)  6

Almanza v. State  686 S.W.2d 157 (Tex. Crim. App. 1984)                   7

Bjorgard v. State  220 S.W.3d 555 (Tex. App.-Amarillo 2007)              5

Casio v. State  353 S.W.3d 766 (Tex. Crim. App. 2011)                        7

Hernandez v. State  176 S.W.3d 821 (Tex. Crim. App. 2005)              6

Jackson v. State  326 S.W.3d 873 (Tex. App.-Texarkana 2010 pet.ref'd) 5

Llamas v. State  12 S.W.3d 471                                                              7

Morales v. State  32 S.W.3d 862                                                          7

Ovalle v. State  13 S.W.3d 774 (Tex Crim. App. 2000)                       6

Wheeler v. State  67 S.W.3d 889                                                         5

TCCP 37.07 3(g)                                                                             2, 6, 5

3

# GROUNDS FOR REVIEW:

1) Did the Court of Appeals err in concluding that evidence of an extraneous offense did not cause enough harm to warrant action when appellant recieved a life sentence for a second degree felony and said evidence of extraneous offense violates Texas Code of Criminal Procedure 37.07 3(g) and Texas Rules of Evidence 403 and 404(b)?

2) By requiring an appellant to show how he or she is surprised by 404(b) notice requirement, is the Court of appeals countermanding numerous Court of Criminal Appeals decisions in which it is acknowledged that no party should have the burden to prove harm from error?

3) Does the court of appeals or the Court of Criminal Appeals have the responsibility, when conducting a harmful error analysis which must consist of reviewing everything in the record, to act on instances of egregarious harm found within the record, but not stated in any brief in the interest of justice?

4

# ARGUMENT I:

During the punishment phase of the trial by jury, the prosecution called appellant's former roommate, Andrew Rangel, to testify about appellant's character, nature of appellant's sex life and specifically about one instance involving two other willing participants. Here the court of appeals diverges from rulings made by both the Court of Criminal Appeals, other sister courts, and Texas Law (TCCP 37.073(g)) by finding any error harmless. In Abdnor v. State 871 S.W.3d 726 (Tex. Crim. App. 1994) we find that "introduction of extraneous offenses to jury is inherently prejudicial," and, according to Bjorgard v. State 220 S.W.3d 555 (Tex. App.-Amarillo 2007), "it cannot be disputed that sexually related misconduct... [is] inherently inflammatory." Wheeler v. State 67 S.W.3d 889 goes on to say "evidence of an extraneous sexual offense will always carry emotional weight and the danger of impressing in an irrational and indelible way," and "by its very nature, an improperly admitted extraneous offense tends to be harmful. It encourages a jury to base its decisions on character conformity, rather than evidence," Jackson v. State 325 S.W.3d 873 (Tex. App.- Texarkanas 2010 pet. ref'd).

The harm here is readily apparent: appellant recieved a life sentence. The laws set forth by the legislature regarding extraneous offenses exist exactly to prevent this kind of injustice. If appellant committed a bad act or extraneous offence then why was a victom not even named, much less allowed to testify; how was this relevant or more probative than prejudicial? The witness, Rangel, testified longer than anyone else during the punishment phase and obviously made an impression on the jury as they returned the maximum possible sentence.

5

# ARGUMENT 2:

The court of appeals again disagrees with the Court of Criminal Appeals' former rulings as expressed in Ovalle v. State 13 S.W.3d 774 (Tex Crim. App. 2000), "No party should have the burden to show harm from error," by quoting Allen v. State 202 S.W.3d 364 (Tex. App. ~ Fort Worth 2006 pet. ref'd) "a defendant may demonstrate surprise by showing how his defense strategy might have been different had the state explicitly notified him that it intended to offer the extraneous offense evidence," (which the State did not) and Hernandez v. State 176 S.W.3d 821 (Tex. Crim. App. 2005) "Error in admitting evidence in violation of a notice requirement does not have an "injurious" effect on the verdict if the defendant was not surprised by the evidence."

In Hernandez, the evidence in dispute was in the prosecution's file for a full six months before the trial, the defendant just did not prepare for it. In this case the State did not reveal their intent to use or the content of the evidence until the day of trial. It would be abnormal to consider that not surprised. There is a good reason for the laws designed this very thing happening: it can lead to a punishment against the interests of justice. In this case, by both requiring a defendant to show surprise and by having him define what he would have done differently is burdening the defendant to "show harm from error," Ovalle. This is tantamount to having a defendant say, "if I could go back in time and change anything I wanted, the thing I would change is my defense strategy." Nevermind righting any wrongs or spending more time with family.

6

## ARGUMENT 3:

The case law is clear that when performing a harm analysis "the lower court should examine the record as a whole," Morales v. State 32 S.W.3d 862. In fact, "to judge the likelihood that harm occurred appellate courts must consider everything in the record including all the evidence admitted at trial," llamas v. State 12 S.W.3d 471. The appellant asks the Court that, in the event of reviewing the record as a whole, the court finds egregious harm does that court have the responsibility to address the matter in the interest of justice. In Casio v. State 353 s.w.3d 766 (Tex.Crim.App. 2011) the court quotes Almanza v. State 686 S.W.2d 157 (Tex.Crim. App. 1984) saying that "egregious harm is established if the record shows that the defendant has suffered such harm that [his] trial was not fair or impartial." Isn't the reason for the appellate Courts, in the first place, to right any wrongs that may have manifested in the trial court? While it may be unreasonable to ask the court to review everything about every case, when the Court must already review the case does it not make sense to uphold the laws of the land one of the tenets of our State and Country?

## PRAYER FOR RELIEF

Appellant prays that the Honorable Court of Criminal Justice call for a new trial on punishment, or, alternatively, a new trial as appellate does contest both verdicts.

7

No. 10-13-00416-CR

State of Texas

v

John D. Waguespack

, IN THE

COURT OF CRIMINAL

APPEALS

Motion to Suspend TRAP 9.3(b), 9.5, 68.11 and 68.4(J)

TO THE HONORABLE COURT OF CRIMINAL APPEALS

Comes Now, John David Waguespack, appellant in the above styled cause, to respectfully present this motion to suspend Rules 9.3(b), 9.5, 68.11 and 68.4(j) of the Texas Rules of Appellant Procedure, all of which relates to extra copies, and in support will show the following:

I

Appellant is appealling his conviction from the 19th District Court, McLennan County, Texas, Cause No. 2012-46-C1. His direct appeal was denied by the tenth court of appeals in Waco, Tx, Cause No. 10-13-00416-CR

II

Appellant is currently incarcerated, does not have access to a copy machine to make copies and is indigent and therefore unable to have any made for him.

Wherefore, Appellant prays that this honorable court grant this motion.

Respectfully Submitted,

John Waguespack